IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ROSCOE A. GILMORE,

    *Plaintiff,*

v.                                                                          Civil Action No. 3:22-cv-00018

THE CITY OF CHARLOTTESVILLE,

    *Defendant*.

## ANSWER

    COMES NOW your Defendant, the City of Charlottesville, by counsel, and for its Answer to the Complaint served on it says as follows:

    1.    Your Defendant denies any factual allegations alleged against it in Paragraph 1 of the Complaint.

    2.    The allegations contained in Paragraph 2 of the Complaint contain a statement of jurisdiction, which requires no response from your Defendant.

    3.    The allegations contained in Paragraph 3 of the Complaint contain a statement of jurisdiction, which requires no response from your Defendant.

    4.    The allegations contained in Paragraph 4 of the Complaint are denied with the exception that Defendant admits that Plaintiff submitted a charge of discrimination to the EEOC and admits that the EEOC Notice speaks for itself and indicates that a determination of a Notice of Rights was issued by the EEOC on February 4, 2022.

    5.    Your Defendant admits the allegations contained in Paragraph 5 of the Complaint.

    6.    Your Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Your Defendant denies the allegations in the third and fifth sentence of Paragraph 7 of the Complaint as phrased. Your Defendant admits the allegations in the fourth sentence of the Complaint. To the extent the allegations in Paragraph 7 of the Complaint include conclusions of law, they require no response.

8. Your Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Your Defendant denies the allegations in Paragraph 9 of the Complaint except that it admits Plaintiff as he contends in Paragraph 9 that he was qualified to perform the job he had at the time of his retirement.

10. Your Defendant admits only that Plaintiff was employed by the City of Charlottesville. Your Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Your Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Your Defendant denies the allegations in Paragraph 12 against the City of Charlottesville except that it admits that Plaintiff previously filed a charge with the EEOC and a civil action against the City of Charlottesville.

13. Defendant admits as to Paragraph 13 of the Complaint that Plaintiff previously filed an EEOC Complaint, otherwise denied as to any factual allegations against the City of Charlottesville.

14. Your Defendant admits as to Paragraph 14 only that Plaintiff previously filed Civil Action No. 3:09-cv-0009, otherwise denied.

15. Your Defendant admits as to Paragraph 15 only that Civil Action No. 3:09-cv-0009 was dismissed with the consent of the parties. The remaining allegations in the paragraph are denied.

16. Defendant denies that Plaintiff's factual allegations in Paragraph 16 of the Complaint contain a complete list of his job responsibilities. Plaintiff's contentions in Paragraph 16 are incomplete and therefore are denied. Among other responsibilities in his job as Regulatory Compliance Administrator, Plaintiff had record keeping responsibilities involving the two software programs he selected and set up.

17. Defendant denies that Plaintiff's factual allegations in Paragraph 17 of the Complaint.

18. Your Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Your Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Your Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Your Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Your Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Your Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Your Defendant denies the allegations in Paragraph 24 of the Complaint. While it is admitted that two white male City employees received two-day suspensions, the situation and facts were totally different.

25. Your Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Your Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Your Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Your Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Your Defendant denies the allegations in Paragraph 29 of the Complaint. In fact, while Plaintiff submitted a Statement of Grievance dated August 6, 2020, he sent Lauren Hildebrand an email at 3:33 p.m. on August 24, 2020 informing her as Director of Utilities that he

had decided to drop the grievance and move forward as an employee with the City of Charlottesville until his retirement.

30. Your Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Your Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Your Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Your Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Your Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Your Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Your Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Your Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Your Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Your Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Your Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Your Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Your Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Your Defendant denies that Plaintiff is entitled to (1.) Injunctive Relief as alleged on page 12 of his Complaint and denies the allegations against it in Paragraph numbered (2.) on page 13 of his Complaint.

44. Your Defendant denies the allegations and conclusions of law against it in Count I, Count II, and Count III of the Complaint on page 13 of the Complaint.

45. Your Defendant denies that Plaintiff is entitled to any of the relief requested by him on pages 13 and 14 of his Complaint.

## AFFIRMATIVE DEFENSES

46. Some of Plaintiff's apparent attempted claims are barred by the statute of limitations.

47. Some of Plaintiff's apparent attempted claims are barred by accord and satisfaction, estoppel, release and waiver.

WHEREFORE, Defendant denies Plaintiff is entitled to any relief and moves the Court to dismiss the Complaint with prejudice.

THE CITY OF CHARLOTTESVILLE
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile:  (434) 977-0198
rmilnor@zmc-law.com
    *Counsel for the City of Charlottesville*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2022, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile:  (434) 977-0198
rmilnor@zmc-law.com
       *Counsel for the City of Charlottesville*